IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Huang,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Shenzhen Zhaocheng Technology Co., Ltd. et al.,<br><br>　　　　Defendant. | Case No. 25-cv-11154<br><br>**FILED UNDER SEAL PURSUANT LOCAL RULE 26.2**<br><br>**COMPLAINT** |

**COMPLAINT**

**FILED UNDER SEAL PURSUANT TO LOCAL RULE 26.2**

1. Plaintiff William Huang ("Plaintiff") hereby brings the present action against Defendants Shenzhen Zhaocheng Technology Co., Ltd. et al., identified on Schedule A in Exhibit 1 attached hereto ("Defendants"). Plaintiff files this action against Defendants for the alleged infringement upon Plaintiff's registered patents ███████████████████████████ ████████████████████████████████ (collectively, the "Asserted Patents") by having manufactured, importing, offering for sale, and selling products that copied the design of the Asserted Patents ("Infringing Products") through online commerce platforms ("Online Marketplaces"), in direct competition with the product sold by Plaintiff without authorization. In support of its claims, Plaintiff alleges as follows:

**I.　JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a)-(b).

1

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(b): Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business and conduct and transact business in this judicial district. The evidence of Defendants conducting business and making sales in Illinois is attached as Exhibit 4.

4.     This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce store operating under the seller alias identified on Schedule A attached hereto (the "Alias"). *See NBA Props. v. HANWJH*, 46 F.4th 614, 617 (offering and shipping a product to the forum via interactive website makes an entity subject to personal jurisdiction of Illinois).

5.     Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores on online platforms. *See* Exhibit 4. On information and belief, Defendant has sold products using Plaintiff's patented design to residents of Illinois and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II.     THE PARTIES

6.     Plaintiff William Huang ███████████████████████.

7.     Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup, each of whom, upon information and belief, reside or operate in foreign jurisdictions and manufacture, distribute, import, offer for sale, and/or sell products, including Defendants' Products, from the same or similar sources in those foreign locations. As stated above, Defendants and any known aliases are identified in Schedule A attached in Exhibit 1 and incorporated here.

8. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

### III. GENERAL FACTS

9. Plaintiff is the owner of the Asserted Patents, which, together, compromise ████ ███████.

10. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. A copy of the certificates of the two patents is included in <u>Exhibit 2</u>. Declaration of William Huang ("Huang Decl."), ¶ 3-5.

11. To better protect the invention from being infringed, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. A copy of the certificate of ████████ is included in <u>Exhibit 2</u>. Huang Decl., ¶ 3-5.

3

12. The Asserted Patents are ████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████. Huang Decl., ¶ 4.

13. Plaintiff has discovered that Defendants were promoting, advertising, marketing, distributing, offering for sale, and selling infringing products with design of the Asserted Patents. Huang Decl., ¶ 6.

14. Plaintiff has tried other means to counter the infringers and made complaints to online platforms, but eventually failed and need to resort to legal means. Huang Decl., ¶ 6-7.

### IV. DEFENDANTS' UNLAWFUL CONDUCTS

15. Defendant's infringement of the Asserted Patents is irreparably harming Plaintiff. Defendants' Patent Infringement includes (1) direct infringement, (2) indirect infringement, and/or (3) offers to sell infringing products. Plaintiff has not granted any license or otherwise authorized any Defendant in this action to manufacture, distribute, import, offer for sale, and/or sell Defendants' Products.

16. Defendants' products are (1) substantially identical to each other and the same as the design patents of Plaintiff (███████████████████); and (2) substantially identical to Plaintiff's product such that consumers are likely to be confused.

17. Meanwhile, Defendants' products have components that are the same as described in ██████████, and infringed at least claim 1 of it. The Infringing Products have ████ ██████████████████████████████████████████████████.

4

18. Even if Defendants' products are not identical to ███████████, the doctrine of equivalents provides the cause of action. The doctrine of equivalents aims to "prevent competitors from pirating the essence of an invention while narrowly avoiding the literal language of the claims" and may be invoked by the plaintiffs at trial. *Laitram Corp. v. Cambridge Wire Cloth Co.*, 863 F.2d 855, 856-57 (Fed. Cir. 1988). Even if the products are not identical, infringement occurs if the accused product performs the same function, in the same way, to achieve the same result as the patented invention. In the present case, Plaintiff's patented invention is a ███ ██████████████████████████████████████████████████████ ███████████████. Defendants' products play the same function in the same way and achieved the same result as the invention, and infringement occurs consequentially.

19. Defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

20. Joinder in patent cases is governed by 35 U.S.C. § 299, which allows joinder if: (1) relief relates to the offering for sale or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action. *See* 35 U.S.C. § 299(a).

21. "[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015). Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent. Instead, the accused products look substantially the same

as Plaintiff's product, from the online advertisements to the product itself. This illustrates that the Defendants (and the accused products) have been properly joined under 35 U.S.C. § 299(a).

22. Defendants' importation, offering for sale, and/or selling Defendants' Products in the United States all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, Defendants are importing, offering to sell, and selling products believed to be made by several major manufacturers, the identities of which are unknown to Plaintiff and concealed by Defendants. For example, Defendants' listings for Defendants' Products do not identify the true manufacturer of the Infringing Products but, rather, misleadingly identify the seller as the "manufacturer" or just leave blank, deceiving the consuming public as to the source of the goods sold (and preventing Plaintiff from identifying the party responsible for the manufacture of Defendants' Products).

23. Defendants are not licensees to the Asserted Patents, pay no royalties on sale of Defendants' Products, and cause price erosion through the sale of Defendants' Products to Plaintiff's detriment.

24. The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' patent infringement in the United States, including in this judicial district.

25. This Complaint sets forth claims for (1) patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271; and (2) false or misleading descriptions of fact, and/or false or misleading representations of fact, under the Lanham Act, 15 U.S.C. § 1125(a).

26. Defendants, through their patent infringement, are directly and unfairly competing with Plaintiff's economic interest and causing harm in the United States, including without limitation within the state of Illinois.

27. Defendants are acting knowingly and intentionally or at least with reckless disregard or willful blindness to Plaintiff's rights in the Asserted Patents.

28. If Defendants' Patent Infringement is not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

## COUNT I
### Infringement of the Asserted Patents 35 U.S.C. § 271

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. Plaintiff is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to produce relative products, and to earn profits based on the Asserted Patents.

31. Defendants have infringed Plaintiff's Asserted Patents by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs.

32. Defendants have profited by their infringement of the Asserted Patents, and Plaintiff has suffered actual harm as a result of Defendants' infringement. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

33. Defendants have infringed the Asserted Patents and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

34. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, which in no event less than a reasonable royalty for Defendants' infringement of the Asserted Patents, together with interest and costs. *See* 35 U.S.C. § 284.

35. Pursuant to 35 U.S.C. §289, Plaintiff also seeks the remedy to the extent of Defendants' total profit from the Infringing Products for infringing Plaintiff's design patents.

36. Defendants' direct and indirect infringement of the Asserted Patents has injured Plaintiff and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, importation, offer for sale, and sale of Defendants' Products in the United States.

37. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Patent Act, including damages that Plaintiff has sustained as a result of Defendants' unlawful actions as alleged herein, enhanced discretionary damages, and reasonable attorneys' fees and costs.

38. To the extent Defendants' Products did not literally infringe the Asserted Patents, Plaintiff contends that Defendants' Products infringed under the doctrine of equivalents as argued above because Defendants' Products performed substantially the same function in substantially the same way to obtain the same result as one or more claims of the Asserted Patents. is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to produce products, and to gain profit from the Asserted Patents.

## COUNT II
### Violation of the Lanham Act 15 U.S.C. § 1125(A)

39. Plaintiff realleges and incorporates by reference paragraphs above, inclusive, as though fully set forth herein.

8

40. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

    (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

    (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

41. Defendants have violated the Lanham Act through the conduct identified herein as shown by customer reviews in <u>Exhibit 3</u>. Defendants are providing inferior products with misrepresentations regarding the characteristics and qualities of the products, hence damaging the image of all similar products in the market, including Plaintiff's. The customer reviews exhibit how the descriptions were falsified and did not fit the truth.

42. Defendants are marketing Defendants' Products through unfair, deceptive, and fraudulent means in violation of 15 U.S.C. § 1125(a).

43. Defendants' False Marketing occurred, and is occurring, in interstate commerce through the Online Marketplaces.

9

44. Specifically, Defendants have made, and continue to make, false and/or misleading descriptions of fact and/or false and/or misleading representations of fact about the nature, characteristics, and/or qualities of Defendants' Products.

45. The foregoing unfair and deceptive conduct by Defendants has caused, and will continue to cause, individual, concurrent, and indivisible harm to Plaintiff and the consuming public, including without limitation, (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Plaintiff's products in the various Online Marketplaces; (2) diluting and eroding the retail market price for Plaintiff's product; (3) causing overall degradation of the value of goodwill associated with Plaintiff's product and any product embodying the claims of the Asserted Patents generally; and (4) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's product.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

> a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not expressly authorized by Plaintiff and that include any reproduction, copy or imitation of the design claimed in the Asserted Patents;
>
> b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Patents; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including any online marketplace platforms (the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the Asserted Patents;

(3) That Plaintiff be awarded such damages proven at trial against Defendant.

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated September 16, 2025.

Respectfully submitted
By: /s/ *Huicheng Zhou*
Bar No. 350005
Phone: 909-284-1929
2108 N ST STE #8330
Sacramento, CA 95816
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*